**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| In re:<br><br>GAIL ROBIN JONES,<br><br>    Debtor. | Case No. 14-14940-BFK<br><br>Chapter 7 |
| JUDY A. ROBBINS,<br>United States Trustee for Region 4,<br><br>    Plaintiff,<br><br>vs.<br><br>GAIL ROBIN JONES,<br><br>    Defendant. | Adversary Proc. No. _____ |

**COMPLAINT TO REVOKE DISCHARGE**

Judy A. Robbins, the United States Trustee for Region 4, by counsel, hereby files this complaint under 11 U.S.C. § 727(d)(1) seeking the revocation of the debtor's discharge. As grounds, she alleges as follows:

**PARTIES**

1.    Plaintiff, Judy A. Robbins, is the United States Trustee for Region 4, with a business address in care of the Office of the United States Trustee, 115 South Union St., Suite 210, Alexandria, Virginia 22314.

Jack I. Frankel
Trial Attorney
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314
(703) 557-7229

2.  Defendant, Gail Robin Jones, is an individual, and may be served with summons at her address of record, 4192 Waterway Drive, Dumfries, Virginia 22025. Defendant is represented in the underlying bankruptcy case by Michael Jacob Owen Sandler, Esq.

## JURISDICTION

3.  This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(a), 28 U.S.C. § 157, and 11 U.S.C. § 727(d). This matter is a core proceeding under 27 U.S.C. § 157(b)(2)(A), (J) and (O). Venue is proper in this Court. 28 U.S.C. § 1409(a).

4.  Plaintiff has standing to seek revocation the defendant's discharge in this case. 11 U.S.C. §§ 307 and 727(d).

5.  This complaint is timely filed. 11 U.S.C. § 727(e)(1).

## FACTS

6.  Gail Robin Jones commenced the underlying bankruptcy case with the filing of a voluntary petition under chapter 7 on March 5, 2014.

7.  Together with her petition the defendant also filed her Schedules, Statement of Financial Affairs and Chapter 7 Statement of Current Monthly Income and Means-Test Calculation.[1]

8.  Each of these documents contains a declaration signed by the defendant, under penalty of perjury that the information contained therein is true and correct.

9.  On April 3, 2014, the defendant appeared and testified, under oath, at the meeting of creditors scheduled in her case.

10. At the meeting of creditors the defendant testified that she had signed the documents filed in the case.

---

[1] On June 5, 2014, the defendant filed amended Schedules B and C.

11. The petition filed in this case lists one identifying number for the defendant, a social security number ending in 9301.

12. Schedule B, as originally filed and as amended, affirmatively states that the defendant had no stock and interests in any incorporated and/or unincorporated businesses.

13. Statement no. 18a. of the Statement of Financial Affairs filed in this case affirmatively states that in the six years immediately preceding the commencement of this case the defendant was neither an officer of nor the owner of five percent or more of any businesses.

14. The documents filed by the defendant were not, in fact, true and correct.

15. On May 30, 2014, on the eve of the bar date in which to file a complaint objecting to the discharge of the debtor under 11 U.S.C. §727(a), Department of Commerce Federal Credit Union, a creditor, filed a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. §523.

16. Department of Commerce Federal Credit was neither listed on the defendant's schedules as a creditor nor otherwise disclosed by the defendant. In its complaint the credit union provided documents evidencing that the defendant had applied for a loan using a different identifying number than the one number listed on the defendant's petition.[2]

17. The defendant failed to list or otherwise disclose her interest in two businesses. The defendant did not list nor did she disclose her ownership interest in Jones Consultants, LLC. The defendant did not list nor did she disclose her position as an officer of S&G Property Management, Inc..[3]

---

[2] Subsequent to the filing of the credit union's complaint, the defendant consented to the nondischargeability of her debt to the credit union.

[3] At this time the United States Trustee is uncertain whether the defendant has an ownership interest in S&G Property Management, Inc. The name "S&G" appears to derived from the first letters of her name and the name of her fiancé, Samuel Seward.

18.     On June 4, 2014, a date within one year of the filing of the hereto complaint, the defendant was granted a chapter 7 discharge.

19.     The United States Trustee was not aware of the fraudulent acts of the defendant until after the granting of the discharge to the defendant.

## COUNT I

20.     Paragraphs 1 through 19 are incorporated by reference as if fully stated herein.

21.     The defendant obtained her discharge by fraud, which if known, would have resulted in the denial of discharge by knowingly and fraudulently making multiple false oaths and/or false accounts in connection with this case.

22.     The debtor knowingly and fraudulently declared under penalty of perjury that the information provided in her petition was true and correct.

23.     The debtor knowingly and fraudulently failed to disclose all identifying numbers used by her, including, but not limited to, the identifying number she gave to Department of Commerce Federal Credit Union.

22.     The defendant knowingly and fraudulently declared under penalty of perjury that her Statement of Financial Affairs was true and correct by signing a declaration attached to the Statement of Financial Affairs.

23.     The defendant knowingly and fraudulently failed to disclose list businesses in which she was an officer and/or had an ownership interest.

24.     The defendant knowingly and fraudulently declared under penalty of perjury that her Schedules were true and correct.

25.     The defendant knowingly and fraudulently did not list on Schedule B businesses in which she had an ownership interest.

26.     The defendant knowingly and fraudulently did not list on Schedule F a creditor to whom she owed more than $29,000, a creditor from whom she had obtained credit using an identifying number different than her social security number.

27.     The Court should revoke the discharge of the defendant pursuant to 11 U.S.C. §§727(d)(1) and 727(a)(4)(A).

## COUNT II

28.     Paragraphs 1 through 27 are incorporated by reference as if fully stated herein.

29.     The defendant obtained her discharge by fraud, which if known, would have resulted in the denial of discharge. The defendant's failure to disclose her business interests enable her to conceal recorded information, such as books, documents, records, and papers from which the defendant's financial condition or business transactions might otherwise be ascertained.

30.     The Court should revoke the discharge of the defendant pursuant to 11 U.S.C. §§727(d)(1) and 727(a)(3).

WHEREFORE, in consideration of the foregoing, the United States Trustee respectfully requests an order revoking the discharge of Gail Robin Jones, and such other and further relief as this Court deems just and proper.

Respectfully requested,

JUDY A. ROBBINS
United States Trustee
Region Four

By: /s/ *Jack I. Frankel*
Jack I. Frankel,
Trial Attorney
Office of the United States Trustee
115 S. Union St., Suite 210
Alexandria, Virginia 22314
(703) 557-7229